STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. BRYCE BARTU, RESPONDENT.

608 N.W. 2d 200

Filed March 31, 2000.   No. S-00-191.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

On February 23, 2000, Bryce Bartu, respondent, filed with this court a voluntary surrender of license to practice law. Respondent stated that he voluntarily consents to the entry of an order of disbarment in the State of Nebraska.

Respondent was admitted to the practice of law in the State of Nebraska on June 24, 1968.

In his voluntary surrender of license, respondent states as follows:

> On September 11, 1995, I suffered a disabling and debilitating stroke and have been physically or mentally unable to practice law since that date. I have been advised by my physician that I will not be able to practice law in the future.
>
> . . . On November 15, 1998, I was also diagnosed with cancer.

In his voluntary surrender of license, respondent further states that on January 11, 2000, a disciplinary complaint was filed against him with the Counsel for Discipline of the Nebraska State Bar Association and that "[f]or purposes of this Voluntary Surrender of License and for the reasons set forth herein, I do not desire to challenge or contest the allegations made against me in the above-mentioned complaint."

In his voluntary surrender of license, respondent freely and voluntarily admits certain allegations in the complaint and that

his conduct violated the Code of Professional Responsibility as adopted by the Nebraska Supreme Court, Canon 1, DR 1-102(A)(1) and DR 1-102(A)(6).

In his voluntary surrender of license, respondent freely and voluntarily waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment.

Upon due consideration of the pleadings in this matter, the court finds that respondent's admission and waiver are knowingly made. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of court.

JUDGMENT OF DISBARMENT.

HENDRY, C.J., and MILLER-LERMAN, J., not participating.